UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RANDY DEAN COURON,

        Petitioner,               Case No. 2:10-cv-122

v.                                     Honorable R. Allan Edgar

BARRY DAVIS,

        Respondent.
_____/

## MEMORANDUM AND ORDER

On April 16, 2013, U.S. Magistrate Judge Greeley entered a Report and Recommendation ("R&R") recommending that Petitioner's habeas petition be dismissed with prejudice. Doc. No. 26. Petitioner has filed objections to the R&R. Doc. No. 27. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner's habeas petition argues that his trial counsel was ineffective. In his objections, Petitioner asserts that the Michigan Court of Appeals and Magistrate Judge Greeley failed to address Petitioner's trial attorney's lack of knowledge of Michigan law with respect to two issues. First, Petitioner asserts that the trial attorney admitted that he did not know that, in Michigan, a defendant can be convicted even though the complainant's accusations were not corroborated. Doc. No. 27, p. ID 576. The Court notes that the transcript page of the *Ginther* hearing that Petitioner cites to does not contain any evidence

pertinent to this assertion. Petitioner argues that, since his trial attorney lacked this knowledge, he failed to try to establish that the complainant's accusations were unreliable. However, as the Michigan Court of Appeals noted, Petitioner's trial counsel did attempt to establish the complainant's unreliability by raising the animosity in Petitioner's family as a reason why the complainant may have fabricated her claims. Doc. No. 22, p. 4. Petitioner's argument is without merit.

The second issue that Petitioner claims his attorney lacked knowledge on is the "figment of the imagination" defense. The Court notes that the Michigan Court of Appeals and Magistrate Judge Greeley both addressed this issue. The Michigan Court of Appeals stated the following:

> Couron maintains that defense counsel was ineffective for failing to request the complainant's medical records and for failing to secure the assistance of an expert. Couron claims that if defense counsel requested these records and if defense counsel consulted an expert, then defense counsel would have been able to argue the complainant's allegations were a result of improper therapy techniques. But Couron presented no evidence at the *Ginther* hearing to show that such an investigation would have revealed any beneficial information. Couron failed to seek an in camera review of the complainant's psychiatric records. Although Couron consulted an expert on appeal, he still failed to establish that a valid defense existed on the basis of the complainant being subjected to suggestive therapy techniques. Accordingly, Couron has failed to establish the factual predicate for his claim.

Doc. No. 22, pp. 3-4. The Court further notes that a review of the *Ginther* hearing indicates that Petitioner's trial counsel knew of the "figment of the imagination" defense, but viewed the defense as non-viable in this case. Petitioner's objection is without merit.

Petitioner argues that the Michigan Court of Appeals incorrectly analyzed the issue of Petitioner's trial counsel's failure to anticipate and prevent one of Petitioner's statements.

2

The Court agrees with Magistrate Judge Greeley that the Michigan Court of Appeals applied the proper legal standard in analyzing this claim. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner's objections to the R&R [Doc. No. 27] are without merit and are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 26] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

If Petitioner files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find that this decision to dismiss Petitioner's claims is debatable or wrong.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated: 9/26/2013         /s/ R. Allan Edgar
                         R. Allan Edgar
                         United States District Judge